## Allstate Insurance Co. v. McLane

*Patricia A. Butler,* for plaintiff.
*Gary D. Martz, Dale E. Anstine,* for defendant.

ERB, *J.,* May 14, 1984—This matter is before the court for disposition of petitioner's, Allstate Insurance Company, motion for physical examination, filed pursuant to Section 401 of the Pennsylvania No-fault Motor Vehicle Act, 40 P.S. §1009.401, against the respondent, Sharon M. McLane, who has filed a claim under the Act. Respondent has answered the petition requesting the denial of the motion claiming that petitioner has failed to establish an adequate reason for compelling her to submit to an independent physical examination. We agree with respondent and will deny the petition.

On May 27, 1983, respondent was involved in an accident while riding in a motor vehicle covered by insurance issued by the petitioner. Respondent suffered a sprained right foot, fractured jaw, nerve injuries to the right side of the face and eye, fractured clavical, bruises and contusions, fractured nose, and a fractured fourth finger on the left hand.

Petitioner claims that it has paid medical expenses in excess of $6,400 on behalf of the respondent, of which $4,000 was incurred within two months of the accident. During this two month period respondent underwent facial surgery and her jaw was wired. She required a special diet, could not participate in any strenuous exercise and required assistance for daily activities including personal

care. (See, Dr. Hankle's report, exhibit B of petitioner's motion.)

Since July 29, 1983, respondent, at the request of Dr. Jeffrey Mosser, M.D., has been undergoing chiropractic and acupuncture treatments twice a week by Dr. E. Z. Martin. A report was filed by Dr. Martin on September 2, 1983 in which he stated that as a result of her severe accident, respondent's foot was still swollen, causing her substantial pain, making it difficult for her to walk. Dr. Martin noted that respondent had some pain in the face and had lost tonicity in some of her facial muscles, including those around the right eye. The right side of respondent's face, her teeth and both her legs were numb. Dr. Martin stated that respondent's prognosis was guarded and he could not say how long her treatments would continue. In another report, filed January 20, 1984, Dr. Martin stated that respondent will never fully recover from injuries caused by the accident. In his opinion, she will need care for the rest of her life with treatments to relieve the pain. Dr. Martin submitted his bill at that time for $1,500, which has not been paid.

On September 20, 1983, respondent underwent oral surgery which was performed by Dr. George Kraft, D.D.S. Dr. Kraft's bill of $1,080 has been paid by petitioner. On November 17, 1983, respondent underwent plastic surgery, for treatment of injuries to her face, which was performed by the York Plastic Surgery Associates, LTD. The bill for $2,188.85, which includes a three day hospital stay, has also been paid by petitioner.

On November 2, 1983, petitioner filed this motion for physical examination by its physician for the purpose of determining respondent's current condition, her need for further treatments, and her ability to return to full-time gainful employment. The de-

termination of this motion is governed by Section 401 of the Act, 40 P.S. §1009.401 which provides:

Whenever the mental or physical condition of a person is material to any claim that has been or may be made for past or future basic loss benefits, a court of competent jurisdiction may order the person to submit to mental or physical examination by a physician or physicians. The order may be made only on the motion *for good cause shown* and upon notice to the person to be examined and to call other persons having an interest and shall specify the time, place, manner, conditions and scope of the examination and the person or persons by whom it is to be made. (Emphasis added.)

The burden is on the petitioner to show that good cause exists for requiring the respondent to submit to a physical examination and such an order will not be made as a matter of course. Government Employees' Insurance Company v. Schroeder, 7 D.&C. 3d 786 (1978). The issue before this court is whether petitioner has sufficiently shown good cause.

In dealing with this question, the court in Nationwide Mutual Insurance Company v. Fandray, 12 D.&C. 3d 65 (1979) stated, at page 70:

"To establish 'good cause shown,' an insurer's petition, at the minimum, must contain facts showing that the proofs supplied in support of the claim are indequate, that the proposed physical examination will substantially assist the insurer in evaluating the claim and that the amount of the claim justifies a court order compelling the claimant to submit to a physical examination."

Furthermore, "the moving party must demonstrate some special circumstances showing the need for a court-ordered medical examination. The mere allegation that the medical condition of the insured is material to the issue is insufficient to meet

this requirement." Schroeder, supra, at pg. 787, 788.

We find that petitioner has failed to reveal any special circumstances which require a medical examination of respondent by a physician of its choosing, nor has petitioner presented any facts showing that the documentation of respondent's claim was inadequate.

In its motion to compel respondent to submit to a physical examination, petitioner sets forth the following as the basis of its claim:

(1) The length of time that has elapsed since the injury;

(2) The length of time that has elapsed since respondent's last examination;

(3) The length of time that respondent will need treatment and costs of those future treatments; and

(4) The lack of conclusive medical information regarding respondent's current condition.

As to the length of time since respondent's injury occurred, this motion was filed only five months after she suffered severe injuries. Less than six weeks had passed from the time respondent underwent oral surgery to the date of this motion, which was filed two weeks before respondent underwent plastic surgery at the York Hospital. In view of respondent's serious injuries five months is not an excessive amount of time to receive medical treatments and petitioner's motion is premature.

Similarly, petitioner's claim that the length of time since respondent's last examination qualifies as a special circumstance is without merit. As we have stated, respondent had undergone oral surgery six weeks before this motion. She was examined by Dr. Mosser, on September 23 and 30, and also visited the Mt. Rose Family Practice Center on October 24. (Exhibit A, petitioner's brief). Furthermore,

the evidence shows that respondent was treated by Dr. Martin at least eight times per month, from August through December. We therefore find that petitioner's allegation has no basis in fact and warrants no further discussion.

Petitioner argues that the length of treatment anticipated by Dr. Martin for respondent and the costs of these treatments qualify as a special circumstance, which would entitle petitioner to an independent medical examination. While the amount of respondent's claim may justify the expense of a court ordered examination, it is but one of the minimum requirements needed to show good cause and does not demonstrate some special circumstance in and of itself. As the court in the Fandray case held, the petitioner must also present facts showing that the proof of the claim are inadequate and that the proposed examination will substantially assist the insurer in evaluating the claim. Petitioner relies upon the report of Dr. Hankle, D.M.D., which was filed August 22, 1983. Dr. Hankle stated that while respondent has tolerated the surgery and post-operative course very well up until that time, the nerve damage to the right side of her face has regressed. While it is unclear exactly when respondent was first examined by Dr. Hankle, there is no evidence on the record that Dr. Hankle has examined the respondent since her last two operations, and therefore he had no knowledge of her condition as of the filing of this motion.

Petitioner has also included in its motion the initial report of Dr. Martin, D.C., in which Dr. Martin stated that he could not say how long her treatments would continue nor how she would respond. Considering the fact that Dr. Martin first saw the respondent only three days earlier, a more conclusive report can hardly be expected.

The evidence reveals that the respondent has been examined by several doctors over the course of her treatment. While petitioner certainly has access to any reports or findings that these doctors may have concerning respondent, petitioner has either chosen not to elicit them or has simply failed to include them in its motion.

There is no doubt that respondent suffered severe injuries as a result of the accident and she obviously presented adequate proof of her claims at the outset of her treatment. Petitioner now contends that respondent has failed to provide it with adequate documentation for either her continued wage loss claim or her claim for future medical treatments. While we will not decide the extent to which the insurer must go to obtain such information, the law is clear that the burden is on the petitioner to present facts which show that the proofs submitted by respondent are indeed inadequate.

As we have indicated, petitioner has failed to meet its burden at this time. We, therefore, find that as of November 2, 1983, petitioner has not shown any special circumstances which would entitle it to the relief prayed for in its motion.

Accordingly, we shall enter the following

## ORDER

And now, May 14, 1984, it is ordered and directed that the motion for physical examination, filed by petitioner, Allstate Insurance Company, is denied.